**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAELLA G. KATZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAREX GROUP PLC, IAN THEO LOWITT, and CRISPIN ROBERT JOHN IRVIN,<br><br>Defendants. | Case No. 1:25-cv-08368-RA-SDA<br><br><u>CLASS ACTION</u> |
| RAVISHANKER NARAYANAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAREX GROUP PLC, IAN LOWITT, and ROBERT IRVIN,<br><br>Defendants. | Case No. 1:25-cv-08393-RA-SDA<br><br><u>CLASS ACTION</u> |

**<u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION TO CONSOLIDATE</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..........1

ARGUMENT ..........2

I. CONSOLIDATION IS APPROPRIATE AND NECESSARY ..........2

II. THE MINOR DIFFERENCES IN THE TWO ACTIONS PROVIDE NO BASIS TO DENY CONSOLIDATION ..........3

A. Consolidation Is Appropriate Despite Minor Differences In Challenged Statements ..........4

B. Consolidation Is Appropriate Despite Differences In Alleged Class Period ..........6

C. Consolidation Is Appropriate Despite Differences In Lead Plaintiff Status ..........6

III. LITIGATING SEPARATE CASES IS NEEDLESSLY INEFFICIENT ..........10

CONCLUSION ..........11

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Boilermakers Nat. Annuity Tr. Fund v. Wamu Mortg. Pass Through Certificates*, 2010 WL 1336959 (W.D. Wash. Mar. 24, 2010) ....................8

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398 (D. Minn. 1998)....................9

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)....................7

*Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381 (S.D.N.Y. Nov. 18, 2009)....................3

*Dolan v. Axis Cap. Holdings Ltd.*, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005)....................5

*Francisco v. Abengoa, S.A.*, 2016 WL 3004664 (S.D.N.Y. May 24, 2016) ....................2, 3

*Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345 (S.D. Cal. Sept. 6, 2018)....................8

*Harold Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*, 2009 WL 1941864 (S.D. Tex. July 6, 2009)....................9

*Hevesi v. Citigroup Inc.*, 366 F.3d 70 (2d Cir. 2004)....................1, 2, 7

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) (Chin, J.)....................8, 9

*In re Block, Inc. Sec. Litig.*, 2024 WL 639470 (S.D.N.Y. Feb. 15, 2024) (Abrams, J.)....................3, 7

*In re BP, PLC Secs. Litig.*, 758 F. Supp. 2d 428 (S.D. Tex. 2010) ....................9

*In re Cent. Eur. Distrib. Corp. Secs. Litig.*, 2012 WL 5465799 (D.N.J. Nov. 8, 2012) ....................9

*In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102 (N.D. Cal. 2001) ....................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) ..... 8

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) ..... 3, 10

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) (Sullivan, J.) ..... 3, 9

*In re Gen. Elec. Sec. Litig.*,
2009 WL 2259502 (S.D.N.Y. July 29, 2009) (Chin, J.) ..... 5, 6

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*,
293 F.R.D. 483 (S.D.N.Y. 2013) ..... 9

*In re Vivendi Universal, S.A. Sec. Litig.*,
284 F.R.D. 144 (S.D.N.Y. 2012) ..... 7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ..... 6, 10

*Katz v. Marex Grp. PLC, et al.*,
Case No. 1:25-cv-08368-RA ..... 1

*Kristal v. Mesoblast Ltd.*,
2020 WL 7647200 (S.D.N.Y. Dec. 23, 2020) ..... 10

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
842 F. Supp. 2d 587 (S.D.N.Y. 2012) ..... 9

*Marcus v. J.C. Penney Co.*,
2014 WL 11394911 (E.D. Tex. Feb. 28, 2014) ..... 7

*Miller v. Ventro Corp.*,
2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ..... 8

*Narayanan v. Marex Grp. PLC, et al.*,
Case No. 1:25-cv-08393-RA ..... 1

*Pinkowitz v. Elan Corp., PLC*,
2002 WL 1822118 (S.D.N.Y. July 29, 2002) ..... 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ..... 6

*Prefontaine v. Rsch. in Motion Ltd.*,
2012 WL 104770 (S.D.N.Y. Jan. 5, 2012) ..... 9

*R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Cap. Partners, Inc.*,
634 F. App'x 4 (2d Cir. 2015) .....9

*Rauch v. Vale S.A.*,
378 F. Supp. 3d 198 (E.D.N.Y. 2019) .....5

*Rodriguez v. DraftKings Inc.*,
2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) .....7

*Schaeffer v. Depaolo*,
2023 WL 5153481 (E.D.N.Y. Aug. 10, 2023) .....7, 8, 9

*Villella v. Chem. & Mining Co. of Chile Inc.*,
2015 WL 6029950 (S.D.N.Y. Oct. 14, 2015) .....2, 6

*Zawatsky v. Vroom, Inc.*,
2021 WL 3498191 (S.D.N.Y. Aug. 6, 2021) .....3

Defendants Marex Group PLC, Ian Lowitt, and Robert Irvin (collectively, "Defendants") file this reply in further support of their Cross-Motion to Consolidate *Katz v. Marex Grp. PLC, et al.*, Case No. 1:25-cv-08368-RA (the "*Katz* Action") and *Narayanan v. Marex Grp. PLC, et al.*, Case No. 1:25-cv-08393-RA (the "*Narayanan* Action").

**PRELIMINARY STATEMENT**

The proposed Lead Plaintiffs in both the *Katz* and *Narayanan* Actions concede that there is "overlap" in the two actions, yet insist that these overlapping cases should not be consolidated. *Katz* Action, ECF No. 24 ("*Katz* Opposition") at 5; *Narayanan* ECF No. 39 ("*Narayanan* Opposition") at 2-6. Courts in this District routinely consolidate overlapping securities actions under similar circumstances, the slight differences between these two cases provide no basis to deny consolidation, and allowing the cases to proceed separately creates substantial inefficiencies and the potential for inconsistent determinations on similar issues. Although *the lawyers* for the two proposed Lead Plaintiffs may think their own interests are better served by each exerting control over a piece of these overlapping claims, that provides no basis to deny consolidation. Indeed, as the Second Circuit has recognized, "any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d

Cir. 2004). The Court should consolidate these actions and then appoint one (or both) Lead Plaintiff(s) to pursue in an orderly manner the claims that have been asserted in these cases.

## ARGUMENT[1]

### I. CONSOLIDATION IS APPROPRIATE AND NECESSARY

The *Katz* and *Narayanan* Actions are premised on the same core legal theory, which is that Defendants allegedly made certain misstatements or omissions during the alleged class period regarding Marex's reported liquidity, cash flows, revenues, and profitability, including by allegedly misclassifying proceeds from intercompany transactions, affiliated fund vehicles, structured notes, and debt issuances. *See Katz* Complaint ¶¶ 14-34; *Narayanan* Complaint ¶¶ 16-32; Mot. 3-4. Both complaints assert the same legal claims against the same defendants. *See Katz* Complaint ¶¶ 53-67; *Narayanan* Complaint ¶¶ 51-65; Mot. 2. And both complaints end their putative class periods on August 5, 2025 when a short-seller known as NINGI Research LLC published a report claiming to reveal information on each of these topics. *Narayanan* Complaint ¶¶ 1, 3-4, 28-32; *Katz* Complaint ¶¶ 1, 35.[2]

Consolidation is plainly proper and necessary in light of the overwhelming similarities in the two actions. Mot. 3-5 (citing cases); *Villella v. Chem. & Mining Co. of Chile Inc.*, 2015 WL 6029950, at *5 (S.D.N.Y. Oct. 14, 2015) (consolidating securities cases despite each having different class periods and defendants); *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *3-4

---

[1] Unless otherwise specified, all emphases are added and all quotation marks and internal citations are omitted.

[2] To be sure, the unsubstantiated "opinions" in this publication are a meritless attempt to manipulate the price of Marex stock. As NINGI itself disclosed, "[a]s of the publication date of [this report], NINGI Research LLC [and its affiliates] have a short position in [Marex securities], and therefore, in the case of decline in [Marex stock], will realize significant gains." *See* "Marex Group plc: A Financial House of Cards," NINGI RESEARCH (Aug. 5, 2024), https://ningiresearch.com/2025/08/05/marex-group-plc-nasdaq-mrx-a-financial-house-of-cards/, at 1.

(S.D.N.Y. May 24, 2016) (consolidating securities cases despite each asserting different class periods); *Zawatsky v. Vroom, Inc.*, 2021 WL 3498191, at *3 (S.D.N.Y. Aug. 6, 2021) (consolidating cases involving different sets of facts and legal claims). Indeed, courts in the Second Circuit routinely order consolidation of multiple securities class actions based on "substantially the same claim" over the objections of lead plaintiff movants like those made here. *See In re Block, Inc. Sec. Litig.*, 2024 WL 639470, at *3-4 (S.D.N.Y. Feb. 15, 2024) (Abrams, J.) (consolidating securities actions to include both the Securities Act and Exchange Act claims over the Securities Act Plaintiffs' objection); *In re Facebook, Inc., IPO Sec. & Derivative Litig.* ("*Facebook I*"), 288 F.R.D. 26, 36 (S.D.N.Y. 2012) (similar); *Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381, at *2-4 (S.D.N.Y. Nov. 18, 2009) (consolidating actions despite plaintiffs' objections that the complaints covered separate time periods and assertions of prejudice). This case should be no exception. As the *Narayanan* plaintiff admitted shortly after that case was filed, "both actions concern the same or similar underlying facts or events during a similar period of time." *Narayanan* Action, Statement of Relatedness, ECF No. 7. That remains true today and provides ample basis for consolidation.

## II. THE MINOR DIFFERENCES IN THE TWO ACTIONS PROVIDE NO BASIS TO DENY CONSOLIDATION

Ignoring these similarities, the proposed Lead Plaintiffs point to minor differences in (i) the challenged statements; (ii) the alleged class period; and (iii) the putative class. *Katz* Opposition at 4-8; *Narayanan* Opposition at 5-7. Under settled law, these "minor differences in facts and legal issues" do not preclude consolidation. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (Sullivan, J.) (consolidation appropriate even though one complaint asserted claims against additional defendants and contained "slightly different facts and legal claims"); *see also Facebook I*, 288 F.R.D. at 35–36 (consolidating Securities Act action with Exchange Act

action and noting that lead plaintiff could resolve any differences through a consolidated complaint).

### A. Consolidation Is Appropriate Despite Minor Differences In Challenged Statements

The putative Lead Plaintiffs argue that differences in the alleged misrepresentations provide a basis to deny consolidation. *Katz* Opposition at 6; *Narayanan* Opposition at 6. That argument is factually and legally wrong.

In many instances, the two complaints challenge the exact same statements from the exact same disclosures. *Compare, e.g.*, *Katz* Complaint ¶ 27 (challenging a screenshot of Product Performance figures for Metals, Agriculture, Energy, and Securities from an August 14, 2024 press release) *with Narayanan* Complaint ¶ 20 (challenging the exact same screenshot); *compare Katz* Complaint ¶ 29 (challenging a screenshot of Product Performance Figures from Q3 2024) *with Narayanan* Complaint ¶ 21 (challenging the exact same screenshot).[3]

Other times, the two complaints challenge slightly different statements making the same point.[4] In an attempt to create artificial distinctions, the putative Lead Plaintiffs note that some of

---

[3] Similar examples are found throughout both complaints. *Compare, e.g.*, *Katz* Compl. ¶ 27 ("Marex also reported **$111.3 million** in revenue from its Market Making segment, representing a **23%** year-over-year increase, driven by a 106% year-over-year increase in its Metals products") *with Narayanan* Compl. ¶ 20 (alleging as misleading Marex's report that "Market Making . . . Revenue increased by **23%** to $111.3m in H1 2024 . . . driven by Metals trading"); *compare Katz* Compl. ¶¶ 29-30 ("Marex also reported **$52 million** in revenue generated by its Market Making segment, representing over a **100%** year-over-year increase") *with Narayanan* Compl. ¶ 21 (challenging as misleading statements that "Market Making . . . [r]evenue increased by over **100%** to **$52.0m** in Q3 2024").

[4] *Compare, e.g.*, *Katz* Complaint ¶ 30 ("During the earnings call [on November 7, 2024], Lowitt **touted the Market Making segment's performance**, touting that it significantly outperformed the broader market and assured investors revenues would outpace volume increases as Marex attracted additional larger clients (suggesting that volumes are tied to **revenue increases**)") *with Narayanan* Complaint ¶ 21 ("On November 7, 2024, Marex issued a press release announcing the Company's third quarter of fiscal year 2024 financial results, **touting** the Company's purportedly

the statements in the *Katz* complaint came from earnings calls while some of the statements in the *Narayanan* complaint came from press releases. *Narayanan* Opp. at 6; *Katz* Opp. at 6. This is irrelevant because although each plaintiff may have elected to challenge different iterations, they are both challenging substantially the same statements made by the same defendants. That strongly favors consolidation. *See, e.g.*, *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 205 (E.D.N.Y. 2019) (ordering consolidation where "the allegations about misstatements are similar, although couched in different filings"); *Dolan v. Axis Cap. Holdings Ltd.*, 2005 WL 883008, at *2 (S.D.N.Y. Apr. 13, 2005) (ordering consolidation where both complaints rested on "the same fundamental allegations"); *In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009) (Chin, J.) (ordering consolidation when actions were based on the same "overarching allegations").

Finally, the fact that the two complaints challenge a handful of statements not in the other complaint is immaterial. *See Katz* Opposition at 6 ("the *Narayanan* Action does not even allege any misstatements on September 10, 2024"); *Narayanan* Opposition at 6 ("In contrast to Narayanan, the Katz complaint does not assert any misstatements on either May 16, 2025, . . . March 21, 2025, . . . or May 15, 2025"). In each instance, the alleged misstatements included in one complaint but not the other concern the same core set of issues as the overlapping statements. *See Katz* Complaint ¶ 28 (September 10, 2024 Marex presentation regarding how Marex "uses structured notes to facilitate funding"); *Narayanan* Complaint ¶ 18 (showing FY 2023 financial results); ¶ 23 (showing FY 2024 financial results); ¶ 26 (showing Q1 2025 financial results). These additional challenged statements "d[o] not take anything away from" each other but "are in line with the overarching allegations" that each plaintiff makes regarding Marex's financial statements.

---

'strong' financial results, including its **alleged revenue**, operating profit, and **Market Making segment results**.").

*Gen. Elec.*, 2009 WL 2259502, at *3; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (consolidating actions involving "securities fraud claims that arise from a common course of conduct" and noting "[t]he dates on which the misrepresentations occurred do not change their nature"). These differences "will not result in confusion or prejudice"; that is because "[w]hen the lead plaintiff files a consolidated complaint, all differences will be resolved while the tone and direction of the lawsuit will remain unchanged." *Gen. Elec.*, 2009 WL 2259502, at *3.

**B. Consolidation Is Appropriate Despite Differences In Alleged Class Period**

The proposed Lead Plaintiffs also point to differences in the alleged class period between the *two* complaints. *Katz* Opposition at 1; *Narayanan* Opposition at 5. That also fails. The alleged class period in the *Narayanan* complaint (May 16, 2024 to August 5, 2025) fully encompasses the period alleged in the *Katz* complaint (August 14, 2024 to August 5, 2025). *Narayanan* Compl. ¶ 1; *Katz* Compl. ¶ 1. That a complaint asserts a "longer Class period . . . [does not] change[] the substantial similar nature of the two actions or mitigate[] the benefits of consolidation." *Villella*, 2015 WL 6029950, at *5; *see also Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) ("[W]hile particular plaintiffs may disagree on the precise confines of the relevant class period, these differences also do not preclude consolidation"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) ("[d]ifferences among the class periods proposed" do not "preclude consolidation.").

**C. Consolidation Is Appropriate Despite Differences In Lead Plaintiff Status**

Finally, the proposed Lead Plaintiffs point to differences in the putative class: "While the *Narayanan* Action seeks recovery for a class of long-purchasers of Marex securities, the *Katz* Action seeks the opposite, to recover on behalf of short-sellers." *Narayanan* Opposition at 1, 5-7; *see also Katz* Opposition at 7-8. As an initial matter, this misrepresents the *Narayanan* plaintiff's own complaint. The *Narayanan* plaintiff purports to bring an action on behalf of "persons and

entities that ***purchased or otherwise acquired*** Marex securities." *Narayanan* Compl. ¶ 1. This necessarily includes short sellers, who had to buy shares to cover their positions. *See Narayanan* Opposition at 4 (describing short seller as someone who "borrows shares, sells them on the market, and later *buys* them back to return to the lender"); *accord In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144, 154, 157 n.62 (S.D.N.Y. 2012) (holding that "purchased or otherwise acquired" class definition covered "investors who sold [] shares short").

Citing to nothing, the *Katz* plaintiff argues that "the plaintiffs in the Narayanan Action do not have standing to assert claims on behalf of short sellers." *Katz* Opposition at 7. But that is legally irrelevant because "[t]he PLSRA does not require that a lead plaintiff in a consolidated securities action have standing to bring every available cause of action alleged by a class." *Block*, 2024 WL 639470, at *5 (citing *Hevesi*, 363 F.3d at 82). In any case, the *Katz* plaintiff is wrong. Courts regularly appoint purchasers of long positions to represent a class that include both short sellers and long purchasers. *See Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *3, 7-8 (S.D.N.Y. Nov. 12, 2021); *Marcus v. J.C. Penney Co.*, 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1109-10 (N.D. Cal. 2001). Even the *Narayanan* plaintiff's authority is in accord. *See, e.g.*, *Schaeffer v. Depaolo*, 2023 WL 5153481, at *7 (E.D.N.Y. Aug. 10, 2023) (*Narayanan* Opposition at 2, 8).[5]

The proposed Lead Plaintiffs in *Narayanan* argue that because the "short-seller plaintiff in the Katz Action cannot even represent the class in the Narayanan Action," consolidating the cases may "result in unspecified "conflicts of interests," and that "having the Katz class combined with the Narayanan class could subject the consolidated class to unique defenses." *Narayanan*

[5] Any Lead Plaintiffs appointed in a consolidated action will still need to affirmatively demonstrate, at class certification, a damages model that is measurable "on a class-wide basis," consistent with *Comcast Corp. v. Behrend*, 569 U.S. 27, 27 (2013).

Opposition at 5-9. This argument is, if anything, an argument against appointing Katz as the lead plaintiff of a consolidated action rather than an argument against consolidation. Indeed, the primary case cited for this point involved analyzing whether a short-seller can be a lead plaintiff *after the court granted the motion to consolidate*. *See Schaeffer*, 2023 WL 5153481, at *7 (*Narayanan* Opposition at 2, 8).

As then-District Judge Chin previously explained, differences in the types of securities or transactions at issue relate, at most, to the calculation of potential damages and do not outweigh the substantial overlap on core issues such as whether the relevant statements were materially misleading in the first instance or the state of mind of the relevant defendants. *See In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.* ("*BoA I*"), 2010 WL 1438980, at *1-2 (S.D.N.Y. Apr. 9, 2010) (Chin, J.) (consolidating cases brought on behalf of options holders with cases brought on behalf of common stockholders and preferred securities holders because "[t]he cases are substantially similar and, except perhaps with respect to damages, raise the same issues of fact and law"). Indeed, courts regularly consolidate cases involving different or partially overlapping putative classes. *See, e.g.*, *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *2 (S.D. Cal. Sept. 6, 2018) (consolidating cases involving "common stock" and "all . . . securities," including debt securities and options); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 WL 4399215, at *6 (S.D.N.Y. Aug. 13, 2013) ("variations in class definition do not defeat consolidation or justify a proliferation of overlapping classes"); *Boilermakers Nat. Annuity Tr. Fund v. Wamu Mortg. Pass Through Certificates*, 2010 WL 1336959, at *1-2 (W.D. Wash. Mar. 24, 2010) (consolidating cases that "arose in connection with different securities"); *Miller v. Ventro Corp.*, 2001 WL 34497752, at *5 (N.D. Cal. Nov. 28, 2001) (consolidating securities cases on behalf of bondholders and stockholders).

None of the proposed Lead Plaintiffs' cases change the analysis. In most cases cited in the Oppositions, the courts ***granted*** the motion to consolidate.[6] In other instances, Plaintiffs' cases do not involve motions to consolidate and instead arise out of actual disputes not present here.[7] The handful of remaining decades-old, out-of-circuit authorities on which Plaintiffs rely[8] do not alter the great weight of authority in this Circuit in favor of consolidation. *See Fuwei*, 247 F.R.D. at 435; *BoA I*, 2010 WL 1438980 at *1-2.

---

[6] *See R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Cap. Partners, Inc.*, 634 F. App'x 4, 6 (2d Cir. 2015) (upholding consolidation because "[t]here are common questions of fact among all four consolidated actions which center on the representations that Appellees made . . . to the adequacy of Appellees' due diligence policy") (*Katz* Opposition at 4; *Narayanan* Opposition at 4-5); *Prefontaine v. Rsch. in Motion Ltd.*, 2012 WL 104770, at *1 (S.D.N.Y. Jan. 5, 2012) (granting consolidation where "factual allegations and legal claims advanced in the complaints are overlapping and raise common questions of law and fact" and "name the exact same defendants") (*Katz* Opposition at 4); *In re BP, PLC Secs. Litig.*, 758 F. Supp. 2d 428, 432 (S.D. Tex. 2010) (consolidating various pending class actions that "involve common questions of law and fact," despite "significant differences among the claims in the various cases") (*Katz* Opposition at 5); *Schaeffer*, 2023 WL 5153481, at *7 (similar) (*Narayanan* Opposition at 2, 8).

[7] *See In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 485 (S.D.N.Y. 2013) (granting motion to de-consolidate after newly appointed plaintiff failed to honor agreement made in *stipulated* consolidation to pursue claims on behalf of options investors) (*Katz* Opposition at 4, 5; *Narayanan* Opposition at 4, 8); *In re Cent. Eur. Distrib. Corp. Secs. Litig.*, 2012 WL 5465799, at *2-3, *9 (D.N.J. Nov. 8, 2012) (granting motion to de-consolidate because two later-filed cases solely involved subsidiary's accounting issues and challenged "stark[ly]" different issues from earlier filed suit regarding management of vodka business) (*Katz* Opposition at 4, 7; *Narayanan* Opposition at 4-5, 7); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012) (vacating consolidation order where the court never had occasion to consider the potential impact of preemption defense that could result in loss of state law claims) (*Katz* Opposition at 4).

[8] *See Harold Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*, 2009 WL 1941864, at *3 (S.D. Tex. July 6, 2009) (granting preferred stockholders' motion to appoint a separate lead plaintiff within the consolidated action without addressing any consolidation issues) (*Katz* Opposition at 7-8); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405-07 (D. Minn. 1998) (separately consolidating actions brought on behalf of options traders and those brought on behalf of stock traders because "the distinction between options traders and stock traders is too notable, and potentially vexing, to ignore" under the Eighth Circuit law) (*Katz* Opposition at 5).

## III. LITIGATING SEPARATE CASES IS NEEDLESSLY INEFFICIENT

Allowing the two overlapping cases to proceed separately would be tremendously inefficient. The proposed Lead Plaintiffs argue that they "do not oppose coordinating the cases for certain discovery and other issues." *Narayanan* Opposition at 9; *see also Katz* Opposition at 8. But that concession leaves unanswered how to address the pervasive overlap at nearly every other stage of the case. For example, given the substantial overlap in the statements at issue in each case, will the Court be asked to consider and rule on two separate motions to dismiss concerning the same or similar statements? If, following dismissal of the claims, one plaintiff pursues an appeal and the other plaintiff does not challenge entry of final judgment, is all or part of the appeal precluded by entry of the final judgment in the other case? If investors purchased Marex stock and then sold some—but not all—of their shares short, are they members of putative classes in both cases with respect to some transactions and only the *Narayanan* Action for others? Tellingly, Plaintiffs offer no answers to any of these questions because there is no basis to litigate these cases separately. *Kaplan*, 240 F.R.D. at 92 ("Given the overlapping questions of law and fact presented in the cases before us, litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources."); *Kristal v. Mesoblast Ltd.*, 2020 WL 7647200, at *1 (S.D.N.Y. Dec. 23, 2020) ("Consolidation is 'a valuable and important tool of judicial administration' and may be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'"). Once the Court appoints a lead plaintiff, "the determination of which claims to assert in the consolidated complaint will be determined by the Court-appointed lead plaintiff, who is charged with acting in the best interest of all class members." *Facebook I*, 288 F.R.D. at 36. If the Court (or the lead plaintiff movants themselves) is concerned that one or both lead plaintiff movants cannot be trusted to do so, that might provide

a basis to appoint both movants to lead a consolidated action (or to deny their lead plaintiff motions altogether), but it provides no basis to allow these duplicative actions to proceed in parallel without consolidation.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court consolidate the *Katz* and *Narayanan* Actions and appoint Lead Plaintiff(s) in a consolidated action.

Dated: January 30, 2026
New York, New York

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Jason C. Hegt
Jeff G. Hammel
Jason C. Hegt
Chengliang (Larry) Hong
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
jeff.hammel@lw.com
jason.hegt@lw.com
larry.hong@lw.com

*Attorneys for Defendants Marex Group PLC, Ian Lowitt, and Robert Irvin*

**CERTIFICATE OF COMPLIANCE**

I certify pursuant to Local Rule 7.1(c) and Rule III. B. of Magistrate Judge Stuart D. Aaron's Individual Rules of Practice that this Memorandum of Law was prepared on a computer using Microsoft Word. The total number of words in this brief, excluding the caption, signature block, and this certification is 3,495. In preparing this certification, I relied on the word count program in Microsoft Word.

/s/ Jason C. Hegt
Jason C. Hegt