**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Ali Shahsavanpour, et al.,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**Marex Group PLC, et al.**<br><br>**Defendants.** | **1:25-cv-08393 (SDA)** |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on October 9, 2025, a putative class action was filed in this Court entitled *Narayanan v. Marex Group plc, et al.*, No. 1:25-cv-08393-RA-SDA (S.D.N.Y.) (the "Action") (*see* Compl., ECF No. 1); and

WHEREAS, on February 2, 2026, the Court appointed Ali Shahsavanpour and Jaimin Patel as Lead Plaintiffs in the action (hereinafter referred to as the "Lead Plaintiffs") and requested the Clerk of Court to requested to change the caption on the ECF docket for this Action to list Shahsavanpour and Patel as lead plaintiffs (*see* 2/2/26 Order, ECF No. 41, at 17); and

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Settlement Class (defined below), and (b) Defendants Marex Group plc ("Marex"), Ian Theo Lowitt, and Crispin Robert John Irvin (collectively, the "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated August 20, 2026 (the "Stipulation") (*see* Stipulation, ECF No. 54-1), subject to approval of this Court (the "Settlement"); and

WHEREAS, Lead Plaintiffs have made an unopposed motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and permitting notice to Settlement Class Members, as more fully described herein (the "Motion") (*see* Pls.' 8/20/26 Not. of Mot., ECF No. 52); and

WHEREAS, the Court has read and considered: (a) the Motion, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, it is hereby ORDERED that the Motion is GRANTED, as follows:

1. **Class Certification for Settlement Purposes.** Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities that purchased or otherwise acquired Marex Ordinary Shares on the Nasdaq Global Select Market or in another domestic transaction between November 7, 2024 and August 5, 2025, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the present and former officers and directors of Marex during the Settlement Class Period; (iii) the Immediate Family members of any of the foregoing natural persons; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, heirs, successors, and assigns of any of the foregoing; and (vi) those persons and entities who or

which timely and validly request exclusion from the Settlement Class in accordance with the provisions below, where such request is accepted by the Court.

2. **Class Findings.** Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected, and will continue to fairly and adequately represent and protect, the interests of the Settlement Class; and (e) a class action on behalf of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Schall Brown & Schwartz LLP ("SBS," formerly known as The Schall Law Firm) as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement.** The Court preliminarily finds that the Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Settlement to

Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

5. **Final Approval Hearing.** The Court will hold a hearing (the "Final Approval Hearing") on February 2, 2027, at 11:00 a.m., in Courtroom 11C of the United States Courthouse, 500 Pearl Street, New York, New York 10007 for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate to the Settlement Class and should be finally approved by the Court; (b) to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice as against Defendants; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to consider Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, including any awards to Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4); and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Final Approval Hearing, or conduct it remotely, without further notice to the Settlement Class other than a posting on the Settlement website or the Court's docket, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice.** Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise

and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by Lead Counsel as follows:

(a) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit A-4, to be mailed by first-class mail and/or emailed to potential Settlement Class Members who or which may be identified through reasonable effort, including through the records and cooperation provided pursuant to ¶ 4.2 of the Stipulation, with mailing addresses updated through the U.S. Postal Service National Change of Address database before mailing; the Claims Administrator shall promptly re-mail any notice returned with a forwarding address, shall use reasonable efforts (including standard address-tracing techniques) to obtain updated addresses for notices returned as undeliverable, and shall maintain a log of returned mail for inclusion in its declaration;

(b) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice, the Claim Form and the Stipulation to be posted on a website to be developed for the Settlement, www.strategicclaims.net/Marex/, from which copies of the Notice and Claim Form can be downloaded or requested;

(c) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit A-3, to be transmitted once over *GlobeNewswire*; and

(d) not later than seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting and publication.

8. **Approval of Form and Content of Notice.** The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice and the Postcard Notice, attached to the Stipulation as Exhibits A-1, A-2, A-3 and A-4, respectively, and (b) finds that the mailing and/or emailing of the Postcard Notice directing Settlement Class Members to the Settlement website to access the Notice and Claim Form, the posting on the Settlement website of the Notice, Claim Form, Stipulation, operative complaint, this Order, the Summary Notice, the Postcard Notice, Table B referenced in the Plan of Allocation, the papers filed in support of preliminary and final approval of the Settlement and any application for attorneys' fees and Litigation Expenses (when filed), and the Judgment (when entered), and the publication of the Summary Notice, in the manner and form set forth in paragraph 7 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or the fee and expense motion, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed, posted and published, respectively.

9. **Nominee Procedures.** Banks, brokers and other nominees who or which purchased or otherwise acquired Marex Ordinary Shares on the Nasdaq Global Select Market or in another domestic transaction during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Postcard Notice or the Claims Administrator's notification of the Settlement, either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator the link to the electronic Notice and Claim Form on the Settlement website to forward to all such beneficial owners, and within seven (7) calendar days of receipt of the link, forward it to all such beneficial owners; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice or email the link to the electronic Notice and Claim Form to such beneficial owners. Nominees that elect the first or second options shall send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. Postcard Notices may be printed only by the Claims Administrator.

10. Upon full and timely compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in

an amount not to exceed $0.02 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.02 per link to the electronic Notice and Claim Form sent by email; or $0.02 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of such expenses subject to review by the Court.

11. **Participation in the Settlement.** Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online at the Settlement website no later than one hundred (100) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late-submitted Claims provided such acceptance does not materially delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the

transactional and holding information found in a broker confirmation slip or account statement or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form, or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and the Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion from the Settlement Class.** Any member of the Settlement Class who or which wishes to be excluded from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request

for exclusion must be mailed or delivered such that it is *received* no later than twenty-one (21) calendar days prior to the Final Approval Hearing, to: Marex Securities Litigation — EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; and (b) each request for exclusion must: (i) state the name, address, email address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of an appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Shahsavanpour v. Marex Group plc, et al.*, Case No. 1:25-cv-08393-SDA (S.D.N.Y.)"; (iii) state the number of Marex Ordinary Shares that the person or entity requesting exclusion purchased or otherwise acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition and sale, and the number of Marex Ordinary Shares held at the beginning and end of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all of the required information and is received within the time stated above, or is otherwise accepted by the Court. The Claims Administrator shall provide copies of all requests for exclusion received (and any written revocations thereof) to Lead Counsel and Defendants' Counsel on a rolling basis within two (2) business days of receipt, and shall provide a complete and final list of all requests for exclusion (and any written revocations thereof) no later than three (3) business days after the deadline for requesting exclusion.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order, and whose request is accepted by the Court, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any

orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and the Notice.

17. **Appearance and Objections at Final Approval Hearing.** Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is *received* no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct.

18. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and payment of

Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or the fee and expense motion should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the fee and expense motion unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel, at the addresses set forth below, such that they are received no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| SCHALL BROWN & SCHWARTZ LLP<br>Brian J. Schall, Esq.<br>William M. Brody, Esq.<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 90067<br>brian@schallfirm.com<br>wbrody@schallfirm.com | LATHAM & WATKINS LLP<br>Jeff G. Hammel, Esq.<br>Jason C. Hegt, Esq.<br>1271 Avenue of the Americas<br>New York, NY 10020<br>jeff.hammel@lw.com<br>jason.hegt@lw.com |

19. Any objections, filings and other submissions by an objecting Settlement Class Member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Marex Ordinary Shares that the objecting Settlement Class Member purchased, acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition and sale, and the number of Marex Ordinary Shares

held at the beginning of the Settlement Class Period, accompanied by adequate supporting documentation for the transactions and holdings reported therein; (d) must identify all other class-action settlements to which the objector or the objector's counsel has previously objected, by case name, court and docket number; and (e) must state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Final Approval Hearing. The Court will consider all timely and valid objections irrespective of whether the objecting Settlement Class Member appears at the Final Approval Hearing.

20. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation and the fee and expense motion, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the fee and expense motion in this or any other proceeding.

21. **Stay and Temporary Injunction.** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the

Settlement Class from commencing, maintaining or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants' Releasees. Nothing in this paragraph bars any Settlement Class Member from submitting a Claim Form, requesting exclusion from the Settlement Class, objecting to the Settlement, appearing at the Final Approval Hearing or otherwise exercising any right under the Stipulation or this Order.

22. **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund.** The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they are distributed pursuant to the Stipulation or further order(s) of the Court.

24. **Taxes.** Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court, in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement.** If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice

to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective statuses and positions in the Action as provided in the Stipulation.

26. **Use of this Order.** Neither this Order, the Stipulation (whether or not consummated), including its exhibits and the Plan of Allocation (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the Term Sheet, the negotiations leading to the execution of the Term Sheet and the Stipulation nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith), shall be offered or received against any of the Releasees, or used in any manner, except as described in ¶ 10 of the Stipulation, which is incorporated herein by reference.

27. **Supplemental Agreement.** The Parties have identified, pursuant to Rule 23(e)(3) of the Federal Rules of Civil Procedure, the confidential Supplemental Agreement described in ¶ 9.3 of the Stipulation. The Supplemental Agreement need not be filed with the Court unless the Court so orders or a dispute arises concerning its interpretation or application, and any application to file any portion of it under seal shall be made in accordance with the Court's Individual Practices and the standards governing public access to judicial documents; provided however, that the Supplemental Agreement shall be provided to the Court for in camera review, as set forth in paragraph 28 below.

28. **Supporting Papers.** Lead Counsel shall file the opening papers in support of final approval of the proposed Settlement and the Plan of Allocation, and Lead Counsel's separate motion for an award of attorneys' fees and payment of Litigation Expenses, no later than thirty-

five (35) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing. At the same time that Lead Counsel files its opening papers, Lead Counsel shall email the confidential Supplemental Agreement to the Court (Aaron_NYSDChambers@nysd.uscourts.gov), for the Court's *in camera* review.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated: New York, New York
September 3, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge